Mr. Justice Thacher
delivered the opinion of the Court.
Upon the trial of this cause in the Court below-, an execution and sheriff’s deed, upon a sale of land under said execution, by virtue whereof the plaintiff’s lessor claimed his title, were admitted in evidence, and the legality of this evidence, by agreement, constitutes the point of controversy here.
In connexion with the said execution and sheriff’s deed, the testimony of a deputy clerk of the Circuit Court from which the execution issued, appears in the record, to the effect that the execution relied upon by the plaintiff’s lessor as introductory of the sheriff’s deed, was issued upon the 15th day of March, 1841, and made returnable to the April term, 1841, of the Circuit Court of Holmes county, which took place upon the third Monday of said month of April. This included a period of more than fifteen days between the date of the writ of execution and its return. It also appeared, that after the said April term, the execution was brought into the said clerk’s office by Otey, a deputy sheriff, and that the witness, at the suggestion of the said Otey, altered the term of its return from April to October, 1841. In the same connexion, the testimony of the said Otey, shows in the record a corroboration of the above testimony, and explanatory of the reasons for advising the above described alteration, and that the same was made without the advice or knowledge of the plaintiffs in the execution, or the plaintiff’s lessor in this case. The sale was made, under this execution, on the 19th day of July, 1841, and the levy upon the 15th day of April previous.
Without going into the inquiry whether it was competent for the plaintiff below to show by parol evidence that the return in the body of the execution was unlawfully altered, and the effect of such alteration, if we view the execution as in law returnable to the April term, it is manifest that a sale under it in July, 1841, was irregular, and conferred no title. The sheriff having been bound by law to make a return of the writ to the April term, it had, at this time, discharged its office. He acted then without legal process, and consequently without authority, since the latter expired with the writ. The authority for a sale of the real estate could only have been obtained by a writ of venditioni exponas, returnable to the October *472 term. H. & H. 633, s. 15. The sale of real estate under such circumstances being regulated by statute, all the substantial requisites of the statute must be complied with to effect a transfer of title. On the other hand, viewing the execution as made returnable to the October term, it was then irregular, and therefore a nullity and void, because it was issued directly in opposition to the statute, which imperatively requires all executions to be made returnable to the first day of the term next succeeding the date of their issuance, when at least fifteen days intervene between that time and the day of their return. H. & H. 617, s. 1.
The judgment of the Court below is therefore reversed, and a venire de novo awarded.